

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2008

# Cooper v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4424

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cooper v. Comm Social Security" (2008). *2008 Decisions.* Paper 1453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4424

———————

KENNETH COOPER,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-03633)
District Judge: Honorable Timothy J. Savage

———————

Argued November 6, 2007

Before: SCIRICA, Chief Judge, AMBRO, and JORDAN, Circuit Judges

Opinion filed: March 12, 2008

Eric J. Fischer, Esquire (Argued)
Breyer Office Park, Suite 200
8380 Old York Road
Elkins Park, PA   19027

       Counsel for Appellant

Patrick L. Meehan
    United State Attorney
Joan K. Garner
    Assistant United States Attorney
Eastern District of Pennsylvania

615 Chestnut Street, Suite 1250
Philadelphia, PA   19106

Michael McGaughran
   Regional Chief Counsel, Region III
William B. Reeser
   Supervisory Attorney
Roxanne Andrews (Argued)
   Special Assistant United States Attorney
Social Security Administration
Office of General Counsel / Region III
P.O. Box 41777
Philadelphia, PA   19101

        Counsel for Appellee

------------------------

OPINION

------------------------

AMBRO, <u>Circuit Judge</u>

Appellant Kenneth Cooper, now 50 years old, applied for Supplemental Security Income ("SSI") benefits in 1997, claiming that multiple health problems have hampered his ability to work.  After multiple administrative hearings and appeals, the Social Security Administration ("SSA") denied his claim for SSI benefits.  We vacate that decision and remand for a new hearing.

**I. Procedural Background**

After six previous, unsuccessful applications, Cooper applied for SSI benefits in Feburary 1997.  The Pennsylvania Bureau of Disability Determination ("state agency") denied his application initially and on reconsideration.  In April 1998, Cooper had a

hearing before a federal administrative law judge, who vacated the reconsideration determination and remanded the case to the state agency because Cooper raised the issue of mental impairments for the first time at that hearing.

In October 1999, the state agency issued a second denial on reconsideration. Cooper appealed to the SSA, and in July 2000 received another hearing, at which another ALJ affirmed the state agency's second denial on reconsideration. The Appeals Council of the SSA vacated the ALJ's decision on the grounds that the opinion failed to specify Cooper's capacity to stand and walk and failed to evaluate the opinions of two examining physicians who described both physiological and psychological limitations on Cooper's ability to work. The Appeals Council remanded with specific instructions to reevaluate the existing evidence and obtain additional evidence.

On remand, a third ALJ found that Cooper "retain[ed] the residual functional capacity to perform a restricted range of sedentary work activity" and was not under a disability "at any time through the date of this decision." ALJ Op. 8 (Apr. 25, 2003). As a result, the ALJ held that Cooper was ineligible for SSI benefits.[1] This exhausted

---

[1] Cooper filed a subsequent SSI application in September 2004. The SSA granted that application in March 2005, with monthly payments beginning on April 1, 2005. Cooper notes that the 2004 application contained some of the same medical information as the record in this case contains, dating back as far as 1996. But it also involved a newly prepared Disability Report and a new assessment of Cooper's health and employment situation. Thus, the award based on the 2004 application has no direct bearing on our decision in this case regarding the 1997 application. That award does, however, mean that only back benefits from 1997 through 2004 are at issue.

Cooper's administrative remedies, as the SSA concedes in its answering brief.

Cooper filed suit in the United States District Court for the Eastern District of Pennsylvania. In March 2006, after cross-motions for summary judgment, a Magistrate Judge recommended granting the Commissioner's motion for summary judgment. The District Court adopted the Magistrate Judge's report, granted the motion, and thus affirmed the final decision to deny Cooper SSI benefits. He appeals to our Court.

## II. Cooper's Medical History

Cooper has long suffered from many physiological and psychological ailments, many of them severe. He has received attention from various examining doctors over the ten years of this administrative proceeding and subsequent judicial review. According to the record before us, he has not worked since 1990 and has not earned more than $1,600 in yearly wages since 1984 (when he earned $5,331.50).

Cooper's physical ailments include: blindness in his right eye and partial blindness in his left eye, resulting from a blow from a steel beam during a prison fight; morbid obesity, with a self-reported weight of 345 pounds at his last SSA hearing; coronary artery disease, angina, high blood pressure and accompanying chest pains; shortness of breath and probable sleep apnea; occasional dizziness; sclerosis in his ankle, resulting in chronic pain; osteoarthritis in his left shoulder, right knee, and toes in both feet; and a mild vertebral endplate irregularity at the thoracolumbar region, causing chronic back pain. According to his family physician's assessment in 1998, Cooper could perform no

sustained physical labor. But SSA's medical examiners suggested he could lift 20 pounds occasionally, sit for an eight-hour workday, and stand or walk for one hour out of an eight-hour workday. He can do various household activities, has looked for work, and can take care of his pet fish (he even makes homemade filters for the tank out of charcoal and cloth). He can walk to a bus stop and take public transportation, but he has testified that he would need to rest every two blocks in order to do so.

In addition, Cooper suffers from various psychological problems, including dysthymia (*i.e.*, chronic depression), bipolar disorder, anger, violent behavior, and difficulty in social interactions, particularly with respect to his superiors in a work environment. Intellectually, doctors have evaluated him as having poor memory and only limited literacy. Cooper did complete high school and has consistently been judged capable to manage his own benefits. His doctors have disagreed, however, with regard to his general attitude. One SSA examiner concluded that, when examined, Cooper "showed a conscious attempt to look bad or exaggerate his illness or to malinger." Another found him to be "not very cooperative." On the other hand, a third doctor, who examined Cooper twice, found him to be "cooperative" and "very cooperative."

### III. Jurisdiction and Standard of Review

The District Court had jurisdiction under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference. We have jurisdiction over Cooper's appeal under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal

conclusions. *Allen v. Barnhart*, 417 F.3d 396, 398 (3d Cir. 2005). We review the factual findings in the ALJ's 2003 decision for substantial evidence:

> [W]e must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" . . . . It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence" . . . . In the process of reviewing the record for substantial evidence, we may not "weigh the evidence or substitute [our own] conclusions for those of the fact-finder."

*Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (second alteration in original) (citations omitted).

### IV. Disability Analysis

The SSA's process for evaluating disability, whether for disability insurance or SSI, includes five steps.[2] Cooper argues that he presented a *prima facie* case of total disability. Substantial evidence supports the conclusion that he met the requirements of step one; he had not worked for approximately 15 years at the time of the ALJ hearing. Substantial evidence also supports the ALJ's finding at step two that Cooper had ten separate "severe" ailments. This appeal mainly concerns steps three and five, which we address in turn.

---

[2] Briefly, the five steps involve establishing: (1) non-employment; (2) severe impairment(s); and either (3) that the impairments, or a combination thereof, meet an SSA-listed disability or, as a result of limited residual functional capacity, (4) incapability of performing past work or (5) other work in the economy. *See* 20 C.F.R. § 404.1520.

**A. Step Three**

At step three, the ALJ found that Cooper did not meet any of the detailed listings required for a showing of total disability. *See* 20 C.F.R. Part 404, Subpart P, App. 1, Regs. No. 4. The ALJ specifically considered disabilities of the musculoskeletal system, special senses (including vision) and speech, and cardiovascular system, as well as mental impairments. He also mentioned that Cooper's various conditions could satisfy no other listing. Thus, the ALJ proceeded to step four, at which he determined that Cooper had residual functional capacity "to perform a restricted range of sedentary work activity" subject to various restrictions. *See Ramirez v. Banhart*, 372 F.3d 546, 551 (3d Cir. 2004) (describing the relationship between steps three and four).

Cooper correctly points out that nothing in the ALJ's opinion discusses combining any of the many ailments or how those combinations might measure up to the listings at step three of the disability-claim analysis. This contravened SSA regulations, which state that the Commissioner "*will* consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923 (emphasis added). While the ALJ may have considered Cooper's ailments as a whole when determining his residual functional capacity at step four of the analysis, 20 C.F.R. § 416.923 is concerned with step three because it refers to the listings, 20 C.F.R. Part 404, Subpart P, App. 1. There is no evidence (let alone substantial evidence) to support a finding that Cooper's ailments,

taken in combination, do not satisfy a listing at step three.[3]

Cooper specifically argues that the ALJ should have considered his obesity in combination with other ailments at step three.[4]  The SSA has directed that "a listing is met if there is an impairment that, *in combination with obesity*, meets the requirements of a listing."  Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *5 (Sept. 12, 2002) (emphasis added).  It has also observed that " obesity may increase the severity of coexisting or related impairments" and that "[t]his is especially true of musculoskeletal, respiratory, and cardiovascular impairments," thus calling for case-by-case determinations regarding obesity's exacerbating effect on other conditions.  *Id.*

Our Court has held that where a claimant "has not specified how [obesity] would affect the five-step analysis undertaken by the ALJ, beyond an assertion that her weight makes it more difficult for her to stand, walk and manipulate her hands and fingers," a remand was not warranted.  *Rutherford*, 399 F.3d at 552 n.4, 553.  The SSA proceedings in that case pre-dated Ruling 02-1p, but we stated that "the analysis would be no different under the new ruling."  *Id.*  In our case, however, Cooper makes a specific request for consideration of his obesity in conjunction with his musculoskeletal, respiratory, and cardiovascular conditions.

On remand, the Commissioner should consider Cooper's physical and

---

[3]  At step four, however, the ALJ did consider all of Cooper's ailments in combination to determine his residual functional capacity.

[4] The ALJ found Cooper's obesity to be "severe" at step two of the disability analysis.

psychological ailments in combination with each other and especially with regard to his obesity. Cooper nonetheless retains the burden of persuasion at step three of the disability-claim analysis. (A better-organized list of ailments, grouping all the information by body part, organ system, or psychological disorder, would likely assist in his efforts.)[5]

**B. Step Five**

Cooper contends that the ALJ failed to shift the burden to the Commissioner at step five. While we disagree, we do have a different concern about the ALJ's analysis at step five. The vocational expert suggested that Cooper could become an assembler, laborer, inspector/checker, or hand packager. It might be plausible that Cooper could do certain sedentary jobs. But on this record, substantial evidence does not support the conclusion that an individual who is blind in one eye and has poor vision in the other could serve as an inspector/checker, assembler, or hand packager. Those jobs require much hand-eye coordination and visual strain. On remand, the analysis might not reach step five, because Cooper could demonstrate a listed disability at step three. But if the

---

[5] Cooper also contends, regarding step three, that the ALJ made "speculative inferences" from the medical expert testimony when determining that his mental-health conditions did not constitute a disability. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). But, as a review of the facts shows, this is not what has happened here. While Dr. Carl Herman's three examinations in 1998, 1999, and 2002 tended to support Cooper's claims, other doctors' examinations suggested that Cooper has slightly greater ability to function, and slightly less social impairment, than Dr. Herman found. With this argument, Cooper is really asking us to re-weigh the evidence, something we will not do.

analysis does reach step five, the Commissioner should consider whether Cooper's

eyesight—damaged since an incident in 1986—left him with the residual functional

capacity to perform the suggested jobs during the relevant period from February 1997

through September 2004.

* * * * *

For these reasons, we vacate the judgment of the District Court and remand for

further proceedings consistent with this opinion.  On remand, the ALJ must consider

Cooper's ailments in combination at step three and, if the disability analysis reaches step

five, take Cooper's vision problems into account.